HEARD NOVEMBER TERM, 1875.

## HOLLEY *vs.* WALKER.

If there is any evidence to sustain the plaintiff's action, it should be submitted to the jury, and it is error in such case to order a nonsuit.

BEFORE MAHER, J., AT AIKEN, SEPTEMBER TERM, 1875.

This was an action by Charles Holley and others, plaintiffs, against George W. Walker and others, defendants, for partition of a tract of land.

The defendant, Walker, answered the complaint and denied all the allegations thereof.

The plaintiffs gave evidence tending to show that Charles Holley, the elder, died in the year 1843; that a short time before his death he purchased, at the price of $140, the land of which partition is sought by this action, at a sale made by Sheriff Christie, as the property of his son Alfred Holley; that Alfred Holley was then in possession of the land; that he remained in possession until his father's death, with his consent, and that he had been in possession ever since, claiming the land not for himself alone, but for himself and the other heirs of his father; that the plaintiffs were heirs of Charles Holley, the elder, and purchasers of the shares of others of his heirs; and that on the 2d March, 1874, the same tract of land

was sold by Sheriff Jordan as the property of Alfred Holley, and purchased by the defendant, Walker, at the price of $50.

The Sheriff's deeds of conveyance to Charles Holley and George W. Walker were given in evidence. The former had not been recorded; the latter was recorded on the 21st April, 1875.

The plaintiffs having closed, the defendant moved for a nonsuit. The motion was granted and the plaintiffs appealed on the grounds:

1. That it was clearly proven on the trial that the heirs of Charles Holley, the elder, had held possession of the premises described in the complaint, *as his heirs*, for more than thirty years, and that such possession gave them a good title, independent of the proper title of Sheriff Christie that was put in evidence, and for that reason His Honor the presiding Judge erred in not submitting the case to the jury.

2. That the proper title of Sheriff Christie to Charles Holley, the elder, together with possession of the premises described in the said title by Charles Holley and his heirs for more than thirty years gave a good title against the world.

3. Because it is respectfully submitted that His Honor the presiding Judge erred in ruling that because Sheriff Christie's deed was not recorded, that the deed from Sheriff Jordan to George O. Walker carried the fee of the entire tract of land described in the complaints, for it is contended that a possession of more than thirty years, independent of the Christie conveyance, gave a good title of said premises to the heirs of Charles Holley, the elder, and that the only interest in said premises that was sold by Sheriff Jordan to George O. Walker was the interest of Alfred Holley, Sr., as an heir of Charles Holley, the elder, and that the small price paid therefor, to wit, fifty dollars, was a strong circumstance, showing that Walker purchased only one-seventh interest in the premises, and not entire tract of 1,000 acres, as he now pretends to have bought.

*Croft & Jordan*, for appellants.

*Finley & Henderson*, contra.

April 5, 1876. The opinion of the Court was delivered by

MOSES, C. J. The action is for partition. The plaintiffs claim a title to the land described in the complaint as or through the heirs

of Charles Holley, admitting that the defendant, Walker, is en-titled to one undivided seventh part thereof in right of Alfred Holley, one of the said heirs.

If the title depended alone on the deed of the Sheriff conveying, in 1843, the right and interest which Alfred Holley had in the land to his father, Charles Holley, and on that of the Sheriff, in 1874, conveying to the defendant the interest then held by the said Alfred, there might have been sufficient ground on which to sustain the non-suit granted by the presiding Judge on the trial below.

The plaintiffs, however, were not restricted to their title derived through the Sheriff's sale and deed to their ancestor, Charles Holley. In further support of the relief claimed in their complaint, they were at liberty to set up and rely on the title which they averred they held through the possession of the said Alfred Holley, extending to a period of over thirty years, for and on behalf of the heirs of Charles Holley and those who claimed through them. This was to be determined by the facts submitted in evidence, and it was their right to have them passed on by the jury, the only proper tribunal for their solution.

If the plaintiffs established the fact that Alfred Holley was in possession, holding for them, he could not acquire any adverse title, while so remaining, under an agreement admitting and conceding the character of his possession. Its nature, its duration, by whose permission, and the effect of all these combined, were for the jury. It was not competent for the Court, if there was any evidence of the facts thus relied on, to withdraw their decision from the jury and pass upon them as matter of law; as the Court said in *Redding* vs. *South Carolina Railroad Company*, 3 S. C., 9 : "Where there has been a total failure of testimony as in *Brown* vs. *Frost*, (2 Bay, 126,) and *Hopkins* vs. *De Graffenreid*, (*Ibid* 241,) there was nothing to leave to the jury, and it was the duty of the Judge to nonsuit; but as it is said in *Rogers* vs. *Madden*, (2 Bail., 321,) the practice of ordering a nonsuit *in invitum* for defective testimony is to be pursued with caution. If the plaintiff has any *prima facie* testimony, he has the right to a verdict of a jury upon it."

The motion for a new trial must be granted.

*Wright*, A. J., concurs.

WILLARD, A. J., dissenting. The action is for partition, plain-tiffs claiming in right of heirs of Charles Holley. G. O. Walker

Columbia, November, 1875.

was made defendant for the purpose of extinguishing a claim to the land made by him. The plaintiffs were nonsuited, from which the present appeal is taken.

The land originally belonged to Alfred Holley, a son of Charles. Charles bought the property at Sheriff's sale, under an execution by Malone and Gary against Alfred, and took a Sheriff's deed for the same. This Sheriff's deed was never recorded.

Nothwithstanding the Sheriff's conveyance to Charles, Alfred continued in actual possession. It was not shown in behalf of the plaintiff that Charles ever took or held possession of the lands in question; but on the contrary it appears from the plaintiff's witnesses that Alfred continued in possession until the commencement of the suit. Certain statements are in proof as made by Alfred, to the effect that his title was imperfect; but these are fully explained by his embarrassed condition and fear of his creditors.

The defendant, Walker, became the purchaser of the land in question at a Sheriff's sale under an execution against Alfred, and took a deed from the Sheriff bearing date March 2, 1874. This deed was recorded April 21, 1875.

The only ground of title on the part of the plaintiffs is the Sheriff's deed in 1843; but this not being recorded is void as against subsequent purchasers. The defendant, Walker, had no actual notice of the prior intended deed, and is entitled to take advantage of the want of record.

An attempt was made on the part of the plaintiffs to make title through adverse possession. They contend that from the death of Charles, Alfred held the land in question as one of the heirs of Charles; that his interest as such heir is all that can be affected by the execution and deed to the defendant, Walker. They seek to base a claim to hold by adverse possession on the possession of Alfred, with whom they claim to be tenants in common. It will not be necessary to examine their line of argument in detail, as the fundamental fact is wanting, namely, proof that actual possession was taken under the Sheriff's deed to Charles. The plaintiffs show no title except through the Sheriff's deed to Charles, and that must fail for want of record. In my opinion, the appeal should be dismissed.